782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
WILLIAM DALE WOOLUM, Defendant-Appellant.
 84-6126
 United States Court of Appeals, Sixth Circuit.
 12/5/85
 
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant/appellant William Dale Woolum appealed a jury verdict of guilty of two counts of violating 18 U.S.C. Secs. 2[1] and 500[2]--transmittal with a co-defendant of altered postal money orders.
 
 
 2
 Woolum and co-defendant Ronald Meadows[3] were inmates at the Kentucky State Penitentiary at the time the alleged offenses occurred. In June or July of 1984, Woolum requested of Father Harry Meirose, a Catholic priest with whom he was corresponding, that Meirose purchase and forward to Meadows five one dollar money orders with the payee lines left blank. At least three of the money orders were subsequently altered, one in the amount of $441.00 and the other two in the amount of $451.00. These altered money orders were payable to acquantances of Meadows, who were instructed to cash them and forward the money to Meirose. Meirose was informed of the plan by a postal inspector. Subsequently Woolum phoned Meirose on three occasions asking if he had received anything in the mail. Woolum stated to Meirose that '3 of the eagles had flown. One had its wings broken and one had been destroyed.' Woolum used the words eagles to refer to the money orders. Following the third conversation, Meirose received $430 cash in the mail, which he turned over to the postal inspector.
 
 
 3
 At trial on these charges, Woolum's counsel moved for a directed verdict following the presentation of the government's evidence. The motion was overruled and the case proceeded. After the case was presented to the jury, it returned a verdict of guilty on both counts.
 
 
 4
 On appeal, Woolum argues that the district court erred in overruling his motion for a directed verdict. Woolum specifically contends that there was insufficient evidence to prove that he ever saw any of the money orders or participated in their alteration. In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court endorsed as the 'prevailing criterion for judging motions for acquittal in federal criminal trials' the standard articulated in Curley v. United States, 160 F.2d 229 (D.C. Cir.), cert. denied, 331 U.S. 837 (1947). Jackson, 443 U.S. at 319, n. 11, 99 S.Ct. at 2789 n. 11. In Curley the court stated:
 
 
 5
 The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.
 
 
 6
 160 F.2d at 232 (footnote omitted).
 
 
 7
 A review of the record plainly discloses an abundance of evidence upon which a reasonable mind could conclude guilt beyond a reasonable doubt. First, it was Woolum who induced Meirose to forward to Meadows money orders with the payee lines left blank. Second, Woolum's typewriter was used to address the envelopes to Meirose and testimony was presented that Meadows did not have access to Woolum's typewriter. Third, Meadows' acquaintances who received the money orders were instructed to forward the money to Meirose, who was a correspondent of Woolum's. Finally, Woolum telephoned Meirose on three occasions to inquire whether he had received the money. This evidence is fully consistent with Woolum's participation in the illegal alteration of the money orders and the jury could have reasonably so concluded.
 
 
 8
 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 2 reads as follows:
 Sec. 2. Principals
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
 
 
 [2]
 18 U.S.C. Sec. 500 provides in pertinent part:
 Sec. 500. Money orders
 Whoever, with intent to defraud, falsely makes, forges, counterfeits, engraves, or prints any order in imitation of or purporting to be a blank money order or a money order issued by or under the direction of the Post Office Department or Postal Service; or
 Whoever falsely alters, in any material respect, any such money order or postal note; or
 Whoever, with intent to defraud, passes, utters or publishes or attempts to pass, utter or publish any such forged or altered money order or postal note, knowing any material initials, signature, stamp impression or indorsement thereon to be false, forged, or counterfeited, or any material alteration therein to have been falsely made; or
 Whoever, with intent to defraud the United States, the Postal Sevice, or any person, transmits, presents, or causes to be transmitted or presented, any money order or postal note knowing the same--
 (1) to contain any forged or counterfeited signature, initials, or any stamped impression, or
 (2) to contain any material alternation therein unlawfully made, or
 (3) to have been unlawfully issued without previous payment of the amount required to be paid upon such issue, or
 (4) to have been stamped without lawful authority;
 Shall be fined not more than $5,000 or imprisoned not more than five years, or both.
 
 
 [3]
 Meadows pleaded guilty to all counts prior to trial and was sentenced